### S. D. SHACKELFORD *v.* W. W. SMITH ET AL.

INJUNCTION BOND.  *Suit for damages.   Condition precedent.*

  Where the final decree in a proceeding to enjoin a sale under a deed of trust provides that the injunction shall be continued until a collateral security held by the *cestui que trust* is delivered to the complainant, no suit can be sustained on the bond until this condition is performed although the decree declares that the injunction is dissolved and remits the parties to the law court to settle the question of damages.

APPEAL from the Circuit Court of Holmes County.
HON. C. H. CAMPBELL, Judge.

This was an action on the bond of W. W. Smith given to obtain an injunction against the sale of land under a trust deed executed by him to secure a debt which he owed to S. D. Shackelford; and the plaintiff claimed his solicitors' fees and expenses of attending the

.taking of depositions in the chancery proceeding, and the cost incurred by the trustee preparatory to the sale which was prevented by the defendant's injunction. The plea was that neither the note nor attorney's receipt therefor had been delivered to the defendant or his attorney before this suit was instituted.

This note was given by W. W. Smith to S. D. Shackelford as collateral security for the debt protected by the trust deed and was secured by mortgage in Nebraska. But Smith had contended in the Chancery Court that it had been collected by Shackelford or his Nebraska attorney and was a payment; and there was an agreement that Shackelford should return the note to Smith, if he proceeded to sell under the trust deed. The final decree ordered that the injunction " be and the same is hereby dissolved," that Shackelford deliver to Smith or his attorney of record in thirty days the note or his attorney's receipt therefor, " and that said injunction be in force till said delivery of the note or receipt," and further that Shackelford recover in a court of law from Smith and the sureties on his bond " all such costs and damages as may have resulted from the wrongful suing out of said injunction."

The court instructed the jury that if they believed from the evidence that S. D. Shackelford did not within thirty days from the date of the final decree deliver to W .W. Smith or his attorney of record in the proceeding in chancery the Nebraska mortgage note, or the attorney's receipt therefor, they should find for the defendants. The jury found accordingly, and the plaintiff appealed.

*Gwin & Noel*, for the appellant.

The delivery or non-delivery of the note does not affect the question whether the injunction was wrongfully or rightfully sued out. If any wrong was committed, it occurred when the injunction was obtained. No subsequent negligence could condone the wrong. Damages are recoverable because Shackelford was compelled to expend money, which but for the injunction he would not have been called on to spend. The note was a collateral security for the trust debt, and the only explanation possible of the clause touching its delivery to Smith is that the land was regarded by the parties as full protection.

*H. S. Hooker* and *G. A. Wilson,* for the appellees.

The decree established that the injunction was rightfully sued out. Unless the note was delivered in thirty days, the injunction was to be perpetuated. Dissolution of the injunction was conditional. Shackelford's agreement was that he would return the Nebraska note, if he sold under the deed of trust, and the decree enforced this contract. Conditional dissolution is an adjudication that the injunction was rightfully obtained. High on Injunctions, § 1678. This delivery was a condition precedent to the dissolution of the injunction, and must be proved to have been performed before a recovery can be had upon the bond.

COOPER, J., delivered the opinion of the court.

By the final decree rendered in the Chancery Court in the injunction proceeding it was expressly provided that the injunction should be continued until the defendant Shackelford should re-deliver to the complainant Smith, or to his attorney of record, a certain note which Shackelford had received from Smith, or the receipt therefor of the attorney to whom it had been transmitted for collection. The delivery of the note or receipt was a condition precedent to the dissolution of the injunction, and the dissolution of the injunction was in turn a condition precedent to an action by the plaintiff herein on the injunction bond executed by the defendants. It is affirmatively shown that neither the note nor the receipt of the attorney has been delivered as required by the decree and this is conclusive of the present suit.

*Judgment affirmed.*